IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,050-01






EX PARTE JAMES PEMBERTON STEWART IV, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007CRN11-D1 IN THE 49TH DISTRICT COURT


FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Stewart v. State, No. 04-08-00274-CR (Tex. App.--San Antonio July 22, 2009) (unpublished). 

 This case was remanded on three ineffective assistance claims, an actual innocence claim,
a false evidence claim, and a newly discovered evidence claim. After the trial court held a live
hearing, Applicant supplemented his writ application with an additional ineffective assistance of
counsel claim, in which he argues that counsel was ineffective for not requesting an instruction on
the duress defense. The trial court made findings on the ineffective assistance of counsel claims
relating to the punishment phase of the trial and recommended vacating Applicant's sentence and
granting a new punishment hearing. However, the trial court did not make findings on several claims
that relate to the guilt phase of the trial, including Applicant's supplemental ground. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Ghahremani, 332 S.W.3d 470 (Tex. Crim. App. 2011); Ex parte
Chavez, 213 S.W.3d 320, 324-326 (Tex. Crim. App. 2006). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. If necessary, the trial court shall obtain a
response from Applicant's trial counsel addressing Applicant's unresolved claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. Specifically, the trial court shall make findings as to whether
counsel should have discovered Victoria Flores and, if so, the trial court shall make an assessment
of Flores's credibility. If counsel should have discovered and presented Flores's testimony, the court
shall make specific findings as to whether this failure harmed Applicant. The trial court shall also
make findings addressing Applicant's supplemental ineffective assistance of counsel claim. In that
regard, the trial court shall make specific findings as to whether the defensive evidence at trial raised
the affirmative defense of duress. If so, the trial court shall make specific findings detailing the
substance of that evidence. 

 The trial court shall make findings of fact and conclusions of law as to whether Victoria
Flores's affidavit and proposed testimony is newly discovered evidence and, if so, whether it is
sufficient to prove that Applicant is actually innocent. Ex parte Tuley, 109 S.W.3d 388, 392 (Tex.
Crim. App. 2002) (citing Ex parte Elizondo, 947 S.W.2d 202, 207 (Tex. Crim. App. 1996)); Ex parte
Brown, 205 S.W. 3d 538, 545-46 (Tex. Crim. App. 2006). 

 The trial court shall also make specific findings of fact and conclusions of law addressing
whether Jorge Guerra's statements are "newly discovered evidence" and, if so, whether they "cast
substantial doubt upon the reliability of the sentencer's assessment of a particular term of years." Ex
parte Chavez, 213 S.W.3d 320, 324-326 (Tex. Crim. App. 2006). 

 The trial court shall also make specific findings of fact and conclusions of law addressing
whether the State sponsored false evidence that Applicant was part of a gang. If the trial court finds
that false evidence was introduced, the court shall make findings as to whether the Applicant has
shown by a preponderance of the evidence that the error contributed to his conviction or punishment,
whether the issue could have been raised on appeal, and whether the State knowingly sponsored false
evidence. Ex parte Ghahremani, 332 S.W.3d 470, 477-78 (Tex. Crim. App. 2011); Ex parte Chabot,
300 S.W.3d 768, 771 (Tex. Crim. App. 2009). 

 The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 23, 2013

Do not publish